UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAMON CRIST,<br><br>                    Plaintiff,<br><br>v.<br><br>MATTHEW CLIFFORD and ADA COUNTY,<br><br>                    Defendants. | Case No. 1:24-cv-00556-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Damon Crist's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court enters the following Order permitting Plaintiff to proceed on the claims in the Complaint.

## 1.    Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## 2.    Factual Allegations

Plaintiff is a pretrial detainee held in the Ada County Jail. Plaintiff alleges that, in April 2023, Defendant Ada County and Ada County Sheriff Matthew Clifford changed the way inmates' incoming mail is processed. *Compl.*, Dkt. 3, at 2–3. Prior to April 2023, the jail itself received, processed, and delivered incoming mail to inmates.

However, the jail changed its policy and began using a third-party vendor to process any incoming mail to inmates that is not marked "privileged" or "legal." Any such mail is sent to a post office box in Arizona. The third-party vendor then scans the mail into a digital platform, and the digital copy is delivered to the inmate. The third-party vendor does not

accept any mail marked "privileged" or "legal."

If the third-party vendor rejects a piece of mail and fails to create a digital copy, the mail is returned to the sender, and the inmate is never informed.

Pursuant to the new policy, the Ada County Jail still accepts, processes, and delivers mails marked "privileged" or "legal."

In June 2023, officials at the Ada County Jail informed Plaintiff's civil attorney to mail documents to the third-party vendor—despite the fact that the policy requires such mail to be sent to the Ada County Jail. The third-party vendor rejected the mail but did not notify Plaintiff that his attorney had attempted to contact him.

## 3.    Discussion

### A.    *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there

exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205-09 (internal quotation marks omitted). A plaintiff may also seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

To bring a § 1983 claim against a local governmental entity such as Ada County, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An entity also "may be held liable under §

1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Inmates have a First Amendment right to send and receive mail. However, a prison or jail may adopt regulations or practices that impinge on a prisoner's First Amendment rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

In *Turner*, the Supreme Court identified four factors to consider when determining whether a prison regulation is valid: (1) whether there is a "rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2)

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

whether "there are alternative means of exercising the right that remain open to prison inmates"; (3) what "impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether "ready alternatives" at a "de minimis cost" exist, which "may be evidence that the regulation is not reasonable, but is an exaggerated response to prison concerns." *Id.* at 89-93.

The *Turner* analysis appropriately allows prison officials substantial leeway in the management of their prisons because "[s]ubjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration." *Id.* at 89. Federal courts must apply the *Turner* test so as to "accord great deference to prison officials' assessments of their interests." *Michenfelder v. Sumner*, 860 F.2d 328, 331 (9th Cir. 1988).

The *Turner* analysis applies to First Amendment claims by pretrial detainees. *See Bull v. City and County of San Francisco,* 595 F.3d 964 (9th Cir. 2010). The United States Court of Appeals for the Ninth Circuit has clarified that, in applying the *Turner* test to pretrial detainees—who may not be punished—the legitimate penological interests in security and safety apply, but "the penological interests in punishment and rehabilitation may not be applicable outside the prison setting." *Id.* at 974 n.10. Therefore, in considering claims of pretrial detainees challenging jail regulations or policies, "courts must defer to the judgment of [jail] officials unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security." *Florence*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

*v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 322-23 (2012).

Plaintiff's Complaint, liberally construed, appears to state colorable claims that Ada County and Sheriff Clifford have violated the First Amendment by implementing and executing the new mail policy.

## 4.    Conclusion

This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that they are plausible, meaning that they will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

## ORDER

**IT IS ORDERED:**

1.    Plaintiff may proceed on his Complaint at this time.

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

2.      Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to **Jan M. Bennetts, Ada County Prosecutor, 200 W. Front Street, Room 3191, Boise, Idaho, 83702**, on behalf of Defendants.

3.      Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

4.      If Plaintiff receives a notice indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them may be dismissed without prejudice without further notice.

5.      Unless otherwise ordered, the parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se

Prisoner Civil Rights Cases, issued contemporaneously with this Order.

6.      Any amended pleadings must be submitted, along with a motion to amend, by the later of (a) 150 days after entry of this Order or (b) 150 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion.

7.      Dispositive motions must be filed by the later of (a) 300 days after entry of this Order or (b) 300 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion.

8.      Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

9.      The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10.     All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion,

with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

11. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

12. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13. Pursuant to General Order 324, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: May 19, 2025

David C. Nye
Chief U.S. District Court Judge